**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jonathan BISHOP, also known as**
**Willie Bruce Allen, Defendant–**
**Appellant.**

**No. 06–40133**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 30, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM: *

Jonathan Bishop appeals the 24–month sentence imposed following the revocation of supervised release. He contends that the district court erred by finding that the conduct that resulted in revocation, possession of a small amount of cocaine, was a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Grade B violation rather than a Grade C violation.

A conviction for possession of any amount of cocaine could have resulted in Bishop's imprisonment for more than one year under Texas law. *See* Texas Health & Safety Code § 481.112; Texas Penal Code § 12.35(a). The conduct therefore constituted a Grade B violation, and the sentence was within the proper advisory guidelines range. *See* U.S.S.G. §§ 7B1.1(a)(2), 7B1.4(a)(table).

In any event, the sentence did not exceed the statutory maximum, and the district court considered the sentencing factors of 18 U.S.C. § 3553(a) when choosing the sentence. The sentence was thus neither "unreasonable" nor "plainly unreasonable." *See United States v. Hinson,* 429 F.3d 114, 119–20 (5th Cir.2005), *cert. denied,* 547 U.S. 1083, 126 S.Ct. 1804, 164 L.Ed.2d 540 (2006).

The district court's judgment is AFFIRMED.

the limited circumstances set forth in 5th Cir.      R. 47.5.4.